UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO

NICHOLAS PICCOLO and JANET
PICCOLO, his wife,

    Plaintiffs,

v.

CBRE, INC.,

    Defendant.

## NOTICE OF REMOVAL

Defendant, CBRE, INC. (hereinafter "CBRE"), files this Notice of Removal to remove the foregoing cause to the United States District Court for the Southern District of Florida, Broward County Division, and respectfully shows this Court the following:

### I. STATEMENT OF THE GROUNDS FOR REMOVAL

This Notice of Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et seq.*

### II. BASIS FOR DIVERSITY JURISDICTION

1.    Plaintiffs, NICHOLAS PICCOLO AND JANET PICCOLO ("Plaintiffs"), commenced this civil litigation in the 17th Judicial Circuit Court in and for Broward County, Florida styled NICHOLAS PICCOLO and JANET PICCOLO v. CBRE, INC., CASE NO. CACE 18-013518 (the "Action"). Attached hereto as part of Exhibit "1" is a copy of Plaintiff's Complaint.

2.    CBRE was served with the Complaint on or about June 28, 2018. Attached hereto as part of Exhibit "1" is the service proof of said Complaint.

3.     While the complaint is highly vague and ambiguous, this is an alleged personal injury case in which CBRE is alleged to have been negligent because Plaintiff tripped and fell due to "a deep pothole" somewhere in the parking lot of the CBRE managed premises located at 101 North Federal Highway, Deerfield Beach, Florida. Plaintiff's complaint alleges a host of legal conclusions centered around the "deep pothole" and that CBRE somehow negligently created or permitted the aforementioned dangerous and hazardous condition to remain upon the premises and failed to warn Plaintiff of the same.

4.     On July 18, 2018, CBRE notified Plaintiff of its intention to remove this action. Attached hereto as Exhibit "2" is CBRE's correspondence to Plaintiff's counsel dated July 18, 2018 providing notice of the intent to remove and the accompanying Joint Stipulation of Alleged Damages for signing by Plaintiff's counsel. Undersigned counsel also prepared a Motion for Extension of Time to Respond to the Complaint citing how this case may be removed. Attached hereto as Exhibit "3" is Defendant's Motion for Extension of Time. Undersigned counsel further prepared the proposed Joint Stipulation of Alleged Damages for signing by Plaintiff's counsel and enclosed the same with its correspondence advising Plaintiff of its intention to remove the matter. Attached hereto as part of Exhibit "2" is the proposed Joint Stipulation of Alleged Damages for signing by Plaintiff's counsel. One of the main basis of the Joint Stipulation was to cap alleged damages and thus preclude removal of this matter to federal court.

5.     Additionally, on July 18, 2018, CBRE served its jurisdictional Request for Admissions to Plaintiff, requesting that Plaintiff "Admit the alleged amount in controversy for the claims alleged by Plaintiff in the Complaint exceeds $75,000.00, exclusive of interest and costs." Attached hereto as Exhibit "4" is a true and correct copy of Defendant's Request for Admissions to Plaintiff dated April 17, 2018.

6. On July 19, 2018, Plaintiff's Counsel sent correspondence advising "that the Plaintiffs will not be entering into any stipulation of damages". Attached hereto as part of Exhibit "2" is the correspondence from Plaintiff's Counsel.

7. On August 15, 2018, Plaintiff responded to CBRE's Request for Admissions with improper objections and without admitting or denying whether the alleged amount in controversy exceeds $75,000.00. Attached hereto as part of Exhibit "4" is a true and correct copy of Plaintiff's Response to Defendant's Request for Admissions.

8. On August 20, 2018, CBRE, in a good faith effort to avoid the need for court intervention, sent correspondence to Plaintiff advising that their responses to our Request for Admissions were deficient and requesting that they amend their responses. Attached hereto as part of Exhibit "4" is correspondence sent by CBRE to Plaintiff.

9. On the same day CBRE sent its letter to Plaintiff regarding their responses to CBRE's Request for Admissions, August 20, 2018, Plaintiff with correspondence of their own advising that they believed their responses to be "correct". Attached hereto as part of Exhibit "4" is correspondence sent by Plaintiff to CBRE.

10. On August 23, 2018, CBRE filed its Motion to Compel Better Responses to Request for Admissions. Attached hereto as part of Exhibit "4" is Defendant's Motion to Compel Better Responses to Request for Admissions.

11. On the same day CBRE filed its Motion to Compel Better Responses to Request for Admissions, August 23, 2018, Plaintiff filed its Amended Responses to Defendant's Request for Admission. Notably, Plaintiff admitted that the alleged amount in controversy for the claims alleged by Plaintiff in the Complaint exceeds $75,000.00, exclusive of interest and costs. Attached hereto as part of Exhibit "4" is a true and correct copy of Plaintiff's Amended Responses to Defendant's First Request for Admissions.

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

12. The time for removal did not begin to run until August 23, 2018 when Plaintiff admitted the alleged amount in controversy exceeds $75,000.00. *See* 28 USC § 1441; *Austin v. Harbour Behavioral Health Care Inst.*, No. 5:07-cv-173-Oc-10GRJ, 2007 WL 2050912 (M.D. Fla. 2007) (Where the basis for federal jurisdiction does not appear in the initial pleading, but arises subsequently, the defendant must file a notice of removal within thirty days after receipt by Defendant of a motion or "other paper" from which it may be first ascertained the case is one which is or has become removable); and *Murchison v. Progressive Northern Ins. Co.*, 564 F. Supp. 2d 1311 (E.D. Okla. 2008) (holding that the denial of a request for admission was "other paper" under the meaning of § 1446(b).

13. This Notice is thus filed within thirty (30) days of the date that CBRE first received a copy of the Plaintiff's Amended Responses to Request for Admissions to Plaintiff and determined that the action was removable. Therefore, this Notice is filed in compliance with 28 U.S.C. § 1446(b).

14. Defendant seeks removal to the Southern District of Florida, Fort Lauderdale Division, the District in which the action is now pending.

15. Following the filing of this Notice with this Court, written notice of the filing of same will be provided to the attorney for Plaintiff as required by law.

16. Following the filing of this Notice with this Court, a true and accurate copy of the same will be filed with the Clerk of Court of the 17th Judicial Circuit Court in and for Broward County, Florida as required by law.

17. Attached to this Notice as Exhibits are all true and legible copy of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

18. This Court has removal jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1441(a). This Court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1332.

19. Plaintiffs are citizens of Florida and the Defendant, CBRE, is a Foreign Profit Corporation with its principal place of business located at 400 South Hope Street, 25th floor, in Los Angeles, California. CBRE is therefore a citizen of the state of California.

20. Accordingly, there is complete diversity of citizenship between the actual and real parties, the requirements of 28 U.S.C. § 1441(b) have been met since Defendant is not a citizen of Florida, the State in which this action was brought. Thus, this Court has removal jurisdiction on the face of the Complaint based upon diversity of citizenship.

### III. CONCLUSION

The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Complete diversity exists because Plaintiff is a citizen of Florida and Defendant CBRE is a citizen of California. Accordingly, Defendant CBRE respectfully request that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1332, *et seq.*, and 28 U.S.C. § 1441, *et seq.*

s/ Michael A. Garcia
Michael Alexander Garcia
Fla. Bar No. 0161055
Email: mgarcia@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2018, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Michael A. Garcia
Michael A. Garcia

## SERVICE LIST

Paul M. Hoffman, Esq.
Hoffman Law Firm
2881 E. Oakland Park Blvd.
Fort Lauderdale, FL 33306
E-Mail: pmh@paulmhoffmanlaw.com
Telephone: (954) 707-5040
Facsimile: (954) 563-8171
Attorney for Plaintiffs